**BOA–FUNG HWANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 07–3259–ag.

United States Court of Appeals,
Second Circuit.

March 18, 2008.

John Chang, New York, NY, for Petitioner.

Terri León–Benner, Trial Attorney, Jeffrey S. Bucholtz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Boa–Fung Hwang, a native and citizen of the People's Republic of China, seeks

review of a July 16, 2007 order of the BIA, denying her motion to reopen her removal proceedings. *In re Boa–Fung Hwang*, No. A72–460–764 (B.I.A. Jul. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

We conclude that the BIA did not abuse its discretion in denying Hwang's motion to reopen as untimely under 8 C.F.R. § 1003.2(c)(2). Although the deadline for motions to reopen may be equitably tolled in appropriate circumstances, such tolling requires a showing that the movant has exercised due diligence in vindicating his or her rights. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006). Due diligence depends on: 1) when the petitioner discovered or should have discovered the ineffective assistance, and 2) what actions the petitioner took in the period between this actual or constructive discovering and the filing of the motion to reopen. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007); *Iavorski v. INS*, 232 F.3d 124, 134–35 (2d Cir.2000).

The BIA reasonably found that Hwang did not prove due diligence warranting equitable tolling in this case. Hwang claimed that, between 1996 and 2005, she went to her prior counsel's office "many times" asking if there was "any chance" she could reopen her case and was told every time that her case was "hopeless." She then filed the motion to reopen in 2006. It was clearly within the BIA's discretion to conclude, as it did, that Hwang had not "adequately established that a person exercising 'due diligence' would wait for over a decade to seek further advice." Moreover, the BIA reasonably noted the gap of almost a year between the last time Hwang spoke with her prior counsel in 2005 and the date on which she retained present counsel and finally filed her motion to reopen. This period of inactivity alone was sufficient for the BIA to reject Hwang's claim of due diligence. *See Jian Hua Wang*, 508 F.3d at 715.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.